STATE *vs.* GILES BACON.

BENNINGTON,
*February*,
1835.

Every material fact to constitute the crime must be alleged in an indictment, with *time and place.*

In an indictment for false tokens and swindling, *the procuring the goods* is a material fact, and if not alleged with time and place, judgment will be arrested.

This was an indictment as follows :

The grand jurors within and for the body of the county of Bennington, now here in court duly empannelled and sworn, upon their oath present, that Giles Bacon, of Sunderland, in the county of Bennington aforesaid, being an evil disposed person, and contriving and intending by fraudulent, swindling and deceitful practices to obtain and procure the money, goods and chattels of Fowler W. Hoyt and Isaac N. Janes of Manchester aforesaid, and to defraud the said Hoyt and Janes of the same, on the seventh day of January, now last past, at Manchester aforesaid, with force and arms, did falsely and fraudulently furnish one Joseph Day of Sunderland aforesaid, the said Joseph Day then and there on the day and year last aforesaid, being poor and insolvent, and wholly unworthy of trust or credit, with the sum of five dollars in current bank bills, and did then and there counsel, advise, and procure the said Joseph Day, by means of paying the said sum of five dollars to the said Hoyt and Janes, and by falsely and fraudently representing himself to the said Hoyt and Janes to be a person worthy of trust and credit, to obtain and procure for the use and benefit of the said Giles Bacon, one new saddle of the value of ten dollars, and the said Joseph Day then and there in pursuance of the said counsel, advice and procurement of the said Giles Bacon, by falsely and fraudulently representing himself to the said Hoyt and Janes to be a person worthy of trust and credit, and by paying to the said Hoyt and Janes the said sum of five dollars so furnished the said Joseph Day by the said Giles Bacon as aforesaid, and by making and delivering to the said Hoyt and Janes his the said Joseph Day's promissory note for the further sum of five dollars, which said promissory note he the said Giles Bacon then and there knew to be of no value, he the said Giles Bacon did obtain and procure of the said Hoyt and Janes the saddle aforesaid, of the value aforesaid. And the Jurors aforesaid, on their oath aforesaid, further present, that the said Giles Bacon, by the fraudulent swindling and deceitful practices aforesaid, the aforesaid saddle of the money, goods and chattels of the said Hoyt and Janes did fraudulently and deceitfully obtain and procure, contrary to the form of the statute

in such case made and provided, and against the peace and dignity of the state.

And the jurors aforesaid, upon their oath aforesaid, do further present that the said Giles Bacon, being an evil disposed person, and contriving and intending by fraudulent swindling and deceitful practices, to obtain and procure the money, goods and chattels of Jesse Lapham and Peleg Nichols, of Danby, in the county of Rutland, and Daniel Curtis, of Dorset, in the county of Bennington aforesaid, and to defraud the said Lapham, Nichols and Curtis of the same, on the 16th day of January, now last past, at Dorset aforesaid, with force and arms, did falsely, fraudulently and deceitfully furnish the said Joseph Day, the said Joseph Day then and there being poor and insolvent, and wholly unworthy of trust, with the sum of eleven dollars in current bank bills, and did then and there counsel, advise and procure the said Joseph Day, by means of paying the said sum of eleven dollars to the said Lapham and Curtis and Nichols, and by his the said Giles Bacon fraudulently, falsely and deceitfully representing to the said Lapham and Curtis and Nichols, that the said Joseph Day was worthy of trust and credit, to obtain and procure for the use and benefit of the said Giles Bacon, one cooking stove of the goods and chattels of the said Lapham, Curtis and Nichols, and of the value of twenty-four dollars, and the said Joseph Day then and there, in pursuance of the aforesaid counsel, advice and procurement of the said Giles Bacon, and by the said Giles Bacon's falsely, fraudulently and deceitfully representing to the said Lapham, Curtis and Nichols, that the said Joseph Day was a person worthy of trust and credit, and by his the said Joseph Day's paying to the said Lapham, Curtis and Nichols the said sum of eleven dollars, so furnished the said Joseph Day by the said Bacon as aforesaid, and by making and delivering his the said Joseph Day's promissory note to the said Lapham, Curtis and Nichols, for the sum of eleven dollars and fifty cents, which said promissory note he the said Giles then and there knew to be of no value, the said Giles did obtain and procure of the said Lapham, Curtis and Nichols the cooking stove aforesaid, of the value aforesaid. And the jurors aforesaid, on their oath aforesaid, further present, that by the fraudulent, swindling and deceitful practices aforesaid, the aforesaid cooking stove of the money, goods and chattels of the said Lapham, Curtis and Nichols, the said Giles Bacon did fraudulently and deceitfully obtain and procure, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.

BENNINGTON,
*February*,
1835.

State
*vs.*
Bacon.

After trial, and a verdict of guilty, there was a motion in arrest filed for the insufficiency of the indictment, which motion was overruled by the county court; to which exception was taken, and the cause passed to this court.

*Smith and Robinson for the respondent.*—The indictment is insufficient upon four grounds.

1. There is no allegation in the indictment that the respondent, at the several times he furnished Day with money, knew that Day was insolvent or unworthy of trust or credit. The allegation in the indictment, that the respondent knew that Day's note was of no value, is not equivalent to a direct and positive averment that he knew Day was insolvent and unworthy of trust and credit. A note may be of no value for other causes than the insolvency of the maker, as the want of consideration or usury. In an indictment, the want of a direct allegation of any thing material in the description of the substance, nature or manner of the crime, cannot be supplied by any intendment or implication whatsoever.—2 East. 20, per Lawrence, J. 2 Hawk. Ch. 25, S. 60.

2. There is no *venue* to some of the material allegations in the indictment. Every act, material to constitute the offence charged, must be alleged to have been done at some place. The delivery of the note, and the obtaining of the property, were material allegations, and required a *venue.*—1 John. Rep. 71, 75. *People* vs. *Bennett*, 5 T. R. 162.

3. The indictment contains no allegation that the acts were done by the respondent with the intent to defraud these persons of their property. All precedents of indictments for obtaining money by false pretences, contain an allegation of the intent with which the acts charged were done.—4 Wenth. P. C. 78. 3 T. R. 98.

Where an act in itself, indifferent if done with a particular intent becomes criminal, then the intent must be alleged and proved. 3 Vt. Rep. 110, *State* vs. *Lovett.* So an indictment for passing counterfeit money must contain an allegation of an *intention* to pass *knowing* the same to be counterfeit.—2 Aik. Rep. 89. 2 Chitty C. L. 762, 768. 1. do. 191.

4. The truth of the pretences is not negatived by special averment.—*King* vs. *Perrott*, 2 Maul and Selwin, 379. 9 Wend. 182. American Jurist, No. 20, 370. 2 Chitty C. L. 762, 768, 769. 2 Maul and Sel. 379.

*State's Attorney, in argument.*—This indictment, in form, corresponds with approved precedents.—3 Chitty's Crim Law, 767–

BENNINGTON,
*February,*
1835.

State
*vs.*
Bacon.

9. It contains all the necessary averments required by the author-ities.—1 Chitty's Crim. Law, 187.

The opinion of the court was delivered by

COLLAMER, J.—This indictment is founded on the 30th section of the act for the punishment of high crimes. "If any person shall by false tokens, messages, letters, or by other fraudulent, swindling or deceitful practices, obtain or procure from any person any money, goods or chattels." This much resembles the English statute, 30 Geo. II.

Every indictment must contain direct allegations, with *time and place,* of every fact necessary to constitute the offence. To bring this offence within this statute, there are three material and important features to be distinctly presented : 1st, The false tokens, messages or letters which were used, stating what they were—(Chitty, 999.) 2d, A direct allegation of their falsity. It is not enough to state generally that they were false.—(Chitty, 999.) 3d, That by these means property *was obtained,* stating where, what property, and when and where obtained.

It is complained that this indictment is defective in all these respects, and moreover does not allege the *intent* of the respondent. It is doubtful whether this is necessary, under our statute. This is unlike the statute in relation to having counterfeit bills *with intent* to utter them, as there the intent is part of the definition of the crime. Our statute, on which this indictment is founded, says nothing about *intent;* the 30th Geo. II. makes that part of the definition of the offence. Hence such an allegation might be necessary in England and not here. Without now inquiring whether this indictment is sufficient in relation to the description of the false tokens and their untruth, &c. we will only examine it in relation to the last requisition. It constitutes the gist and gravamen of the crime that the money or goods of another should be *obtained* or *procured* by the fraud ; and it must appear by the indictment when and where they were procured. Otherwise it is impossible to say whether the court has jurisdiction of the crime. Now this indictment is entirely destitute of any allegation when or *where* the stove or saddle were procured, or whether it was ever in the county of Bennington. It shows no offence in the state or county where the indictment was found.

Judgment arrested.