JOHN MILLER and WILLIAM MILLER *vs.* THE PEOPLE.

On the trial of an indictment for a misdemeanor, in exposing the bodies of the
  defendants, naked and uncovered, to the public view, the *intent* with which the
  act was done is a material ingredient in the offence, and is a question of fact,
  for the consideration of the jury, under all the circumstances of the case.

It is for the jury to find whether there has been an intentional, wanton and inde-
  cent exposure of the persons of the defendants, at such a time and place, and
  in such a manner, as to offend against public decency.   And a charge which
  withdraws that question from the consideration of the jury, as a question of
  fact, is erroneous.

ERROR to the general sessions of the city and county of
New-York.   The facts appear from the opinion of the court.

*John Cook,* for the plaintiffs in error.

*J. McKeon,* (district attorney,) for the people.

*By the Court,* HURLBUT, P. J.   The defendants were in-
dicted for that being scandalous and evil disposed persons, and
contriving and intending the morals of divers good and worthy
citizens to debauch and corrupt, on the twelfth day of July,
1847, at the city and county of New-York, in the presence of
divers good and worthy citizens of this state then and there
being, in a public manner, unlawfully, scandalously and wick-
edly did expose to the view of the said persons so present, the
bodies and persons of them, the said defendants, naked and un-
covered, for the space of one hour, to the manifest corruption
of good morals, &c.

The evidence shows that the defendants, early in the morn-
ing of the day stated, went out of their house into the back
yard of the premises which they occupied, without having com-
pleted their toilette.   The witness Deere testified that while he
was out looking at flowers he discovered that one of them was
not dressed—that all his clothes were off but his under gar-

Miller *v*. The People.

ment, and that in fact, he stood in his shirt near the back door of his house. The other defendant walked in the yard with his shirt on, and with his clothes down about his feet. Mrs. Deere was on the alert and called her husband's attention to this circumstance. The defendants were shown to have been bachelors, advanced in years, and entertained no females about their premises. There was a fence about five feet high surrounding the yard in which the offence was alleged to have been committed. But two or three persons were so unfortunate as to have observed the conduct complained of; and there was no satisfactory evidence to show that the defendants supposed they were seen by any body, or that they intended to expose their persons to the public view. Excepting two houses there were no dwellings within a quarter of a mile of their residence. The weather was probably warm, and it would seem that the defendants did not nicely consider of the fitness of their apparel. Mr. Deere, who complained, being on bad terms with them, appears to have watched their conduct narrowly. The defendants were shown to be inoffensive, laboring men, of fair moral character. They were, however, convicted and sentenced, each to pay a fine of two hundred dollars, and to stand committed till it should be paid.

The recorder charged the jury, in substance, that the evidence was positive as to the offence charged having been committed; that they were to find if the defendants had committed the offence charged in a manner to openly outrage decency; that as to the intent, the acts showed the intent; and if they were proved that was all that was necessary. That any acts that were injurious to good morals, and openly violated decency, were misdemeanors at common law. There was a general exception to this charge.

It is a general principle of evidence that a man shall be taken to intend that which he does, or which is the immediate and natural consequence of his act. But where an act in itself indifferent becomes criminal if it be done with a particular intent, then the intent must be alleged and proved. The intent in the present case was a material ingredient in the offence,

and was a question of fact, under all the circumstances, for the consideration of the jury. It was for them to find whether there had been an intentional, wanton and indecent exposure of the persons of the defendants, at such a time and place, and in such a manner, as to offend against public decency. The charge withdrew this from the consideration of the jury as a question of fact. The jury were told that the evidence was positive as to the offence having been committed, and in effect that if the acts were proved the defendants were guilty. This was erroneous, and as the substance of the charge is open to this objection, we think the defendants may avail themselves of it by a general exception.

The judgment of the general sessions must be reversed, and a *venire de novo* awarded.

---

SAME TERM. *Before the same Justices.*