## COMMONWEALTH *vs.* HORACE HAYNES.

An indictment for indecent exposure, which alleges that the defendant, devising and intending the morals of the people to debauch and corrupt, at a time and place named, in a certain public building there situate, in the presence of divers citizens, &c. unlawfully, scandalously and wantonly did expose to the view of said persons present &c. his body, &c. sufficiently alleges the intent with which the act was committed.

An indictment for indecent exposure need not conclude " to the common nuisance of all the citizens," &c.

INDICTMENT for indecent exposure. The indictment alleged that the defendant, " devising and intending the morals of the people of this commonwealth to debauch and corrupt," on the 30th of January 1854, at Sherborn, " in a certain public building there situate, in presence of divers citizens of said commonwealth then and there being, and within sight and view of the said citizens in and about said public building then and there passing and repassing, unlawfully, scandalously and wantonly did expose to the view of said persons present and so passing and repassing as aforesaid the body and person of him, the said Horace Haynes, naked and uncovered, for the space of one hour, to the manifest corruption of public morals and manners, and against the peace of said commonwealth, and the form of the statute in such case made and provided."

In the court of common pleas, the defendant pleaded guilty, and moved in arrest of judgment, " 1. Because it nowhere appears in the only count in the said indictment, and is nowhere alleged, with what intent the acts therein set forth were committed. 2. Because it is nowhere alleged in said indictment that the acts, therein alleged to have been committed by the defendant, were done to the great damage and common nuisance of all the citizens of the Commonwealth, there inhabiting, being and residing, &c. 3. Because said indictment is altogether uncertain and insufficient in law, and charges no offence with sufficient certainty." *Bishop*, J. overruled this motion ; and the defendant alleged exceptions.

*F. F. Heard*, for the defendant, in support of the first ground of the motion in arrest, cited *Miller* v. *The People*, 5 Barb. 203 ;

1 Stark. Crim. Pl. (2d ed.) 179; *The King* v. *Philipps*, 6 East, 473 ; and in support of the second ground, *Regina* v. *Holmes*, 6 Cox C. C. 216 ; *Regina* v. *Webb*, 1 Temple & Mew, 23, 2 Car. & Kirw. 933, and 1 Denison, 338.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

DEWEY, J. This indictment sufficiently charges a criminal intent. The words in the introductory part of it, " devising and intending the morals of the people to debauch and corrupt," followed by the allegation that the defendant did the act, " unlawfully, scandalously and wantonly," taken in connection with the particular acts charged, sufficiently show a charge of criminal intent and purpose in the indecent exposure of himself in view of the people passing and repassing.

The indictment would have been more full, and more in conformity with the precedents, if it had contained a second allegation of the intent, succeeding the narration of the acts done by the defendant ; but this would have been but a repetition of what was already alleged. That the material criminal intent may be, in a case like the present, thus found in the prefatory part of the indictment, seems to be assumed by Ellenborough, C. J. in his opinion in the case of *The King* v. *Philipps*, 6 East, 473. The case of *Miller* v. *The People*, 5 Barb. 203, is to the same effect.

2. The further ground taken for arresting the judgment is that the indictment does not conclude " to the common nuisance of all the citizens," &c. The form of the present indictment in this respect is supported by the authority of 2 Chit. Crim. Law, 41, and Archb. Crim. Pl. (5th Amer. ed.) 655.

Although this form of conclusion has been questioned in the English cases cited by the counsel for the defendant, we are of opinion that it has been too long sanctioned by authority and practice to require us to arrest the judgment for that cause.

*Exceptions overruled.*