## Case No. 15,215.

### UNITED STATES v. GLEASON.

[1 Woolw. 75.] [1]

Circuit Court, D. Iowa. May Term, 1864.

FEDERAL JURISDICTION — KILLING OF ENROLLING OFFICER—DISCHARGE OF DUTIES—CONSTITUTIONAL LAW—INDICTMENT—ANIMUS.

1. If an officer, while engaged in the proper discharge of his official duties, have occasion to deal with a man who, under the influence either of a general feeling of hostility to the law, or of a violent temper, which is roused by no fault of the officer, or of a spirit of revenge, makes an assault which results in the death of the officer, a purpose in his mind to obstruct the execution of the law, is not necessary to constitute the offence a crime under the act.

[Cited in Tennessee v. Davis, 100 U. S. 279.]

2. But, on the other hand, if the officer should be employed in the discharge of such of his duties as did not bring him in collision with others, as when going through the country serving notices of a draft, and should become involved in a quarrel upon some matter having no connection with his official duties, but growing out of some personal difficulty of his own, and should be assaulted and killed, the author of the homicide would not be amenable to this act.

3. The object of this law was to prevent obstruction to its execution.

4. If it seek to draw to the federal jurisdiction offences against the person of a federal officer, simply on the ground that he is such officer, the act may be unconstitutional.

5. As it must be shown in proof that the animus of the assault was roused by the officer's discharge of his duties, the indictment must contain an averment to that effect.

This was a demurrer to an indictment.

Mr. Severe, in support of demurrer.
Mr. Baldwin, Dist. Atty., contra.

MILLER, Circuit Justice. This is an indictment for murder under the 12th section of the act of February 24, 1864 (13 Stat. 8), which provides: "That any person who shall forcibly resist or oppose any enrolment, or who shall incite, counsel, encourage, or who shall conspire or confederate with any other person or persons forcibly to resist or oppose any such enrolment, or who shall aid or assist, or take any part in any forcible resistance or opposition thereto, or who shall assault, obstruct, hinder, impede, or threaten any officer or other person employed in making, or in aiding to make such enrolment, or employed in the performance, or in aiding in the performance, of any service in any way relating thereto, or in arresting, or aiding to arrest, any spy or deserter from the military service of the United States, shall, upon conviction thereof, in any court competent to try

1 [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

the offence, be punished by a fine not exceeding $5,000, or by imprisonment not exceeding five years, or by both of said punishments, in the discretion of the court. And in cases where such assaulting, obstructing, hindering, or impeding shall produce the death of such officer or other person. the offender shall be deemed guilty of murder. and upon conviction thereof, upon indictment in the circuit court of the United States for the district within which the offence was committed, shall be punished with death. And nothing in this section contained shall be construed to relieve the party offending from liability. under proper indictment or process. for any crime against the laws of a state, committed by him while violating the provisions of this section." The indictment alleges, that the persons killed were enrolling officers. and were, at the time of the commission of the offence. employed or engaged in and about the duties of said enrolment; that while so engaged they were assaulted by the defendant, and wounded; and that the wounds so received resulted in death. To this indictment there is a demurrer. Among many other grounds alleged therefor. it is insisted that it is a fatal objection to the indictment. that. it contains no allegation that the assault was made with the intent to hinder. delay. obstruct. or oppose in any manner. the execution of the duties in which the officers were engaged.

We are not prepared to hold that such intent is in all cases essential to an offence under this statute. If an officer. while engaged in the proper discharge of his official duties. have occasion to deal with a man who. under the influence of a general feeling of hostility to the law, or of a violent temper, which is roused by no fault of the officer. or of a spirit of revenge. makes an assault which results in the death of the officer, a purpose in his mind to obstruct the execution of the law, is not necessary, to constitute the offence a crime under the act. But, on the other hand, if the officer should be employed in the discharge of such of his duties as did not bring him in collision with others, as when going through the country serving notices of a draft, and should become involved in a quarrel upon some matter having no connection with his official duties, but growing out of some personal difficulty of his own, and should be assaulted and killed, the author of the homicide would not be amenable to this act. Offences against persons exercising these offices, and discharging the duties thereby imposed, must be punished; but if the offences are committed against them, not as officers, but in personal difficulties totally disconnected with their official duties. in which they may be right or wrong, and in which they may give or receive injuries. the guilt or innocence of the parties with whom they come in conflict must be otherwise determined than by the act before us. The object of that act was to prevent obstructions to the enforcement of the enrolment law, and to protect officers engaged in that enforcement from violence growing out of and connected with the performance of their duty. It was not intended to draw to the jurisdiction of the federal courts all offences of which such officers might be the objects. Indeed, it may be doubted whether congress has the constitutional power thus to withdraw from the jurisdiction of the state tribunals the cognizance of such offences, solely upon the ground that the party injured is an officer of the federal government. and at the time was employed in a general way in discharging the functions of his office. The true principle seems to be, that it must appear that the animus of the assault grew out of. or had some relation to. the discharge by the officer of his official duties. And if this is necessary to appear in proof. it is equally necessary that some averment of it should be made in the indictment. Nothing of the kind is found here. It is perfectly consistent with all that is alleged in the indictment. and perhaps a fair inference from it, that while the deceased was an enrolling officer. and engaged as such in the discharge of the regular duties of his office. the assault which resulted in his death had no connection whatever with those duties.

The demurrer is therefore sustained.

At the request of the district attorney, the prisoner was retained in custody, to await the action of the grand jury. then in session. which found a new bill. [See Case No. 15,-216.]