Honolulu, January 20th, 1882.

------

## THE KING *vs.* WALTER M. GIBSON.

### LIBEL. BEFORE MCCULLY, J.

### JANUARY TERM, 1882.

Demurrer sustained to indictment for libel, because the indictment fails to charge a malicious publication.

It is libellous to say of a Government official that his conduct is treason to the state.

## DECISION OF McCULLY, J.

The defendant demurs to the indictment for libel:

1. Because the letters are not set forth in the indictment.

The indictment is not based on the letters, but upon what is written and published about the letters, and the charge that certain language cited therefrom, by the Commissioner of Immigration, etc., is treason to the state.

It is not requisite, in my opinion, that the letters be set forth.

2. Because the alleged libellous words are not libellous in law.

Taken with what is set forth in the libel, the words: "This is treason to the state by a so-called Minister of State" may not charge the statute crime of treason, P. C. VI., §1. Treason is hereby defined to be any plotting or attempt to dethrone or destroy the King, or the levying of war against the King's Government, etc. Sec. 5: To constitute the levying of war contemplated in the first section, it shall be requisite that the persons concerned therein be parties to some overt act in or towards procuring or preparing force, etc.

Writing letters limiting immigration or discouraging general immigration, may not be brought within the definition of an act of treason as above, and so the words which form the charge of libel herein may not be considered as imputing such indictable offense.

The word "treason" has, however, a secondary and non-technical use. Traitor, betrayer, treachery and treacherous are similar words. They are all used to import failure, neglect or violation of duties, obligations, trusts and interests by private persons of private duties, and by official and public persons of official duties.

To say of an official that his conduct is treason to the state must be held to tend to bring him into disgrace, abhorrence, odium, hatred, contempt or ridicule, which is defined by our statute to be libel.

3. Because it is not charged that there was a malicious publication.

Section 3, of Ch. 32, Penal Code, being our statute of libel, defines publishing a libel to be the maliciously putting of it into circulation.

Section 4 enacts that malice is shown in respect to libel by making a publication, or communicating it to others wilfully and purposely to the prejudice and injury of another. Hatred or illwill toward the party injured is not essential to libel.

There must be legal malice in the publication.

The law presumes that one who publishes of another that which is defamatory on its face, does so with the malicious intent which constitutes libel. Archb: Cr. Pleading, 1036. "If the publication is libellous, malice is presumed from the injurious act." *Com. vs. Bonner*, 9 Met., 412; also, *Smart vs. Blanchard*, 42 N. H., 137; *Com. vs. Snelling*, 15 Pickering, 337. All authorities concur in this doctrine of the legal presumption of malice.

Our statute of criminal practice, 1876, Ch. XL., Section 15 provides, that no indictment for any offense shall be held insufficient for the want of any matter unnecessary to be proved. Neither is it necessary by the established rules to aver matters which would more properly come from the other side, or which are implied by the fact and circumstances alleged or which the law will presume.

I do not understand by this statute provision and by these rules of pleading, that a substantive averment which is or may be established by legal presumption, following upon proof of other facts, and as the result of such proof, need not therefore be made in the indictment, but that it relates to the mode or necessity of proof thereof.

Section 5 of our libel statute provides, that in every prosecution for writing or publishing a libel, the defendant may give in evidence in his defense upon the trial, the truth of the matter contained in the publication charged to be libellous. Provided, however, that such evidence shall not be deemed a justification, unless it shall be further made to appear on the trial that the matter was published with good motives and for justifiable ends.

This is the defense, the words being defamatory or libellous and having been published, first against the making of the libel, that it is true, and second against the publishing, that it is true or published with good motives and for justifiable ends, that is to say, not with legal malice.

The burden of proof is on the defendant. As to publication—which is all that is charged in this indictment—he must show that it was not malicious. Per Shaw, C.J., in *Com. vs. Bonner*, as above, after citing the Mass. statute which is in the same words with our Section 5th.

But it not having been so averred in the indictment, his proofs of good motives, justifiable ends or privilege to maintain against the presumption that the publication was not malicious, would traverse no averment.

A presumption of law dispenses with direct proof of the thing presumed from certain facts, and that is all. It must be averred equally when it is presumed from the proof of other facts as when required to be proved as a separate fact.

Criminal intent is legally presumed from criminal acts, but it is a universal rule to charge intent as well as the acts done, and it would not be sufficient to charge the acts without charging the intent also. Lord Ellenborough, C.J., in *The King vs. Philipp*, says: "It may be said, however, that the criminal intent was necessarily implied from the publication, and therefore that any averment thereof was superfluous" * * * but, citing cases, he says such indictments were not maintainable. * * "If any particular bad intention accompanying the act be necessary to constitute it a crime, such intention should be laid in the indictment. In many cases the allegation of intent is a merely formal one, being no more than the result and inference which the law draws from the act itself, and which, therefore, requires no proof but what the act itself supplies; as in the case of libels when the fact of publication is in question."

In an indictment upon statutes where the definition of the offense contained in them includes such adverbs as "unlawfully, wickedly, maliciously," etc., the offense must be charged

to have been so committed, otherwise the pleading will be bad. 1 Archb. Crim. Pleading, 300.

When an act must be done with a particular intent in order to render it criminal, an evil intention must be averred upon the record. 1 Archbold, under the subject of technical words, 303.

So the want of a direct allegation of anything material in the description of the substance, nature or manner of the offense cannot be supplied by any intendment or implication whatsoever, and therefore in an indictment for murder the omission of the words of "malice aforethought" "is not supplied by the words feloniously murdered," although the latter words imply them. 1 Archbold, p. 290. The illegality of the publication must be averred by means of the word, maliciously, or some equivalent term. Heard's Libel and Slander, with authorities, p. 382.

The intent is legally proved, that is, presumed, by proofs of certain acts, and then the burden of proof lies on the defendant to controvert the averment so supported by presumption of law.

In this respect the statute of libel is most explicit, the defendant may traverse the charge of maliciously publishing which has been presumptively established, by proofs of justification, but he must first be so charged.

The precedents of indictments as they are compiled in Train and Heard's Precedents of Indictments, p. 356, *et seq.*, all set out a malicious publishing—"wickedly and maliciously did write and publish, and cause and procure to be written and published, a certain false, wicked, malicious and scandalous libel of and concerning," etc., p. 366.

The averment that the matter is malicious is not sufficient without the averment that the publication is malicious.

Publication without legal malice is not an offense, and the defendant is not therefore charged herein with the statute crime of libel. On this ground the demurrer is sustained.

*A. S. Hartwell,* for the prosecution.

*Ed. Preston & J. Russell,* for defendant.