STATE *v.* MYRON AMBLER.

*Criminal Law.   Indictment.   Burning a Building.*

Sec. 4126, R. L., prescribes the penalty for burning a dwelling-house or its out-buildings ; sec. 4128 prescribes a less severe penalty for burning various other buildings specially named, " or other house or building of another not constituting a dwelling-house or its out-buildings : " the indictment charged the respondent with burning a " certain building commonly known and called a sugar-house," but without averment that the " sugar house " did not consitute a dwelling-house or its out-buildings.  The term *sugar-house* is not used in sec. 4128.  *Held,* that the case does not come within the rule that a proviso or exception in a statute must be negatived when descriptive of the offense ; and that the indictment is sufficient.

INDICTMENT charging the respondent with burning a sugar-house.  Heard on demurrer, April Term, 1884, POWERS, J., presiding.  Indictment held sufficient.

*E. B. Sawyer, T. J. Boynton,* and *H. Ballard,* for the respondent, cited *Commonwealth* v. *Maxwell,* 2 Pick. 138 ; *Commonwealth* v. *Hart,* 11 Cush. 136 ; *State* v. *Stokes,* 54 Vt. 179 ; *State* v. *Somers,* 3 Vt. 156 ; *State* v. *Baker,* 18 Vt. 195 ; *State* v. *Hodgdon,* 41 Vt. 139 ; *United States* v. *Cook,* 17 Wall. 168 ; Arch. Cr. Pl. 45.

*P. K. Gleed* and *W. Brigham,* for the State, cited *United States* v. *Cook,* 12 Am. Law Reg. 682 ; *Commonwealth* v. *Squires,* 1 Met. 258 ; *Larned* v. *Commonwealth,* 12 Met. 240 ; *Commonwealth* v. *Reynolds,* 122 Mass. 454 ; 15 Gray, 480 ; 39 Vt. 60 ; *State* v. *Thornton, ante,* 35.

State *v.* Ambler.

The opinion of the court was delivered by

Rowell, J. The indictment alleges that the prisoner " did set fire to and burn a certain building commonly known and called a sugar-house."

Sec. 4126, R. L., prescribes the penalty for burning a dwelling-house or its out-buildings. Sec. 4128 prescribes a less severe penalty for burning various other buildings specially named, "*or other house or building of another not constituting a dwelling house or its out-buildings.*"

The term *sugar-house* is not used in this section, therefore it is claimed that the indictment is bad for that it does not allege that the sugar-house charged to have been burned *did not constitute a dwelling-house nor its out-buildings.*

We recognize the rule contended for by the prisoner—that a proviso or an exception in a statute creating the offense must be negatived in pleading when they are descriptive of the offense and constitute a part of it; but the question is, Does this case come within that rule? We think clearly not.

These two sections impose different punishments for dis'inct species of the same general crime. A wilful and malicious burning must be alleged in an indictment under either of them. In order to convict under the former, it would be necessary to allege that the building burned was a dwelling-house, etc., for that fact would aggrevate the crime and subject the party to the major punishment. But it is a rule that when there are several species of the same general crime, with more or fewer circumstances of aggravation, and they are subject to a gradation of punishments, it is not necessary in pleading to negative such circumstances. If only the mitigated offense is intended to be charged, it is sufficient to allege the facts that constitute it, omitting the circumstances that would aggravate it; in which case the offense charged will be deemed to be the mitigated offense, and to be punishable accordingly. And although circumstances of aggravation are alleged they need not be proved in order to a conviction for the mitigated offense. This last point was ruled in *State* v. *Thornton, ante,* 35. And a judg-

ment on an indictment for the mitigated offense would be a bar to an indictment charging the same offense with aggravation.

The views here shortly expressed are fully sustained and much amplified in *Commonwealth* v. *Squires*, 1 Met. 258; *Devoe* v. *Commonwealth*, 3 Met. 316; *Larned* v. *Commonwealth*, 12 Met. 240; *Commonwealth* v. *Hamilton*, 15 Gray, 480; *Commonwealth* v. *Reynolds*, 122 Mass. 454.

The respondent takes nothing by his exceptions, and the cause is remanded for trial.