THE KING vs. GEORGE W. MACFARLANE.

EXCEPTIONS TO RULINGS OF DOLE, J.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

When, in the opinion of the Court, a case previously tried was so nearly parallel to the case for trial that jurors who had sat upon the former could not be free from bias, it was proper to exclude them in a body, without separate examination.

Talesmen may be cited by the Marshal from the bystanders or from the Circuit at large, and it is inevitable and within the law that he should exercise his choice and make his selection out of the qualified residents.

It is for the defendant to show himself within the excepted cases; it need not be charged in the indictment that he was not so.

It was proper to refuse to instruct the jury that no conviction could be had on a certain count as not stating a criminal offense, the statute requiring that objection to an indictment for a defect apparent on the face thereof shall be taken by demurrer or motion to quash before plea.

Exceptions overruled.

OPINION OF THE COURT, BY McCULLY, J.

Sundry exceptions were taken at the trial, the charge being conspiracy. The substance and effect of the two which relate to the jury may be stated thus:

(1). That the Court erred in excusing without a several examination the twelve jurors who had sat in the case of *The King vs. Luce*, likewise charged with conspiracy; and that it then becoming necessary to summon other persons as jurors:

(2). Such talesmen were not qualified and not properly summoned.

The statute which applies to both these points is in Section 1199. "Whenever a sufficient number of jurors duly summoned do not appear or cannot be obtained to form a jury, the

Court may order the Marshal or his deputy to summon from among the bystanders or from the circuit at large so many persons qualified to serve as jurors as shall be sufficient."

The sufficient number of jurors duly summoned is provided for by other statutes whereby twenty-four men liable to jury service are summoned to attend the term for the trial of all cases then to be tried. It is when a panel of twelve cannot be obtained from the array that talesmen may be summoned. It is the right of a defendant to have his jury drawn from jurors duly summoned (*The King vs. Henry Cornwell*, 3 Hawn., 165), until the array is exhausted by challenges. It is not doubted that the Court may excuse or exclude from the jury such jurors as upon examination appear to be disqualified by previously expressed opinion or by bias resulting from or evidenced by facts and circumstances, although such juror may declare himself to be free from bias. Such exclusion by the Court, either on or without motion made by either party, is an act of judicial discretion which cannot be the subject of review. *United States vs. Cornell*, 2 Mason, 91.

In *Snow vs. Weeks*, 75 Maine, 105, on exceptions to the exclusion by the Court of several jurors from the City of Rockland, upon the assumption that the city might have some interest or the jurors some bias in the result of the suit, held "that it matters not whether it existed or not. It was a matter for the exercise of the discretion of the Judge. To his ruling upon such a question exceptions do not lie. He may put off a juror where there is no real and substantial cause for it. That cannot legally injure an objecting party as long as an unexceptional jury is finally obtained."

In the case at bar the gravamen of the objection is that the twelve jurors were excluded in a body without a separate examination.

The opinion of the trial justice was that the case of *The King vs. Luce* was so nearly parallel to the case for trial, that jurors who had passed upon the former could not be free from bias as to the latter. In this view there was no reason why the jurors

should be examined separately, for the question would not be as to individual bias or expressed opinion, but as to the simple fact of having sat on that jury, a matter needless to make personal inquiry of them about. So we are brought again to the question whether a juror or a panel of jurors may, at the discretion of the Court, be excluded, or rather what limit is there to this discretionary power. In *Ware vs. Ware*, 8 Maine, 29, held that it is the right and duty of the trial judge to excuse jurors when he thinks proper, and to call over a juror from one jury to serve on another, at his discretion. In *Com. vs. Livermore*, 4 Gray, 18, held that it was within the authority of the Court in its discretion to discharge a juror not legally incompetent to sit in the trial.

In *People vs. Arceo*, 32 Cal., 40, after citing many cases where it is held that if a cause has been tried by an unexceptional jury, the law presumes no injury for want of any other person composing that jury, the Court, while not saying that a judgment would not be reversed where a Court arbitrarily or willfully rejects a juror not disqualified under the provisions of the statute, without any reasonable ground upon which to base its action, held that there being some reasonable ground for the action of the Court, and nothing disclosed in the record to show that the discretion of the Court was not soundly exercised, it would not sustain the exception.

We think the case before us comes easily within this reasonable rule, and overrule this exception.

In regard to the objection that the talesmen were not qualified, and not properly summoned, it appears that the Court, after excluding the twelve jurors, and there being less than twelve remaining, ordered the Marshal to summon talesmen from the circuit at large, and that in pursuance of this order, he passed by the bystanders and cited men from different parts of the city. They were not necessarily on the list of fifty persons which is prepared by the Governor, in concert with a Justice of the Court, from which the array of twenty-four men is drawn for the term. The contention of counsel for the defendant is

that only such men are qualified to serve as jurors. This construction should apply equally to talesmen drawn from the bystanders, and would narrow this method of filling a jury beyond all precedent. The only prescription of the statute as to qualifications is that they shall be (for the foreign jury) foreigners by birth residing within the gubernatorial division. Such persons who, in the opinion of such governor or judge, are fit to serve as jurors, may be put on the list. They are qualified by fitness, residence, and foreign birth, and not by the selection of the governor, who selects fit and qualified persons. In the case of those whom the Marshal summons, the Court passes its judgment if they be fit, and would exclude or excuse them if they appeared or were shown to be unfit; for instance, by want of acquaintance with the English language, by deafness, by being *non compos*, or in feeble health. The Marshal may summon those whom the Governor might select, and they would be qualified to serve as jurors.

It appears by affidavits that the Marshal, in pursuance of the authority to summon from the circuit at large, did not take men whom he casually saw, and the first whom he saw in the streets, but made some designed selection, going into a workshop and taking a man from his employment. It is charged that the Marshal thereby made a personal selection or picking of the jurors, and, inferentially, that he picked his jurors with a view to secure a verdict for the prosecution.

The statute only provides that the Court order the Marshal to summon so many persons as shall be sufficient, and that when he has summoned the number so ordered he return their names into Court. This is a plain provision for summoning a certain number, and not certain persons, for it is the Marshal who returns into Court the names of the number he has served. The Court is given no authority to make a list of those who shall be cited. The Marshal then being ordered to cite a number, it is inevitable that he should exercise a choice. If he cites from the bystanders, there being more present than the number he is to make up, he chooses out the number. If he goes into

the circuit at large he must exercise a choice unless he simply takes the first men he meets singly. In a crowd of eligible men, he still must by some selection, however rapid, choose his number. The phrase "circuit at large" implies a selection from the whole of it. There are no terms anywhere to limit the choice which may be made out of the qualified persons.

Now if it is said that this is a dangerous power to repose in the hand of the officer who, as the head of the police, cannot be considered impartial in criminal prosecutions, we make the common observation that if the plainest construction of the statute requires it, the Court is not responsible for the consequences of the law, but must give it effect; but furthermore, that there is the safeguard that the talesmen must bear the examination of the Court and parties, whereby a fair and impartial jury ought to be obtained.

The defendant also excepted to the charge of the Court that on the third count the defendant is guilty unless he show himself within the exceptions which allow goods to be taken out of the Custom House without the payment of duties.

This would be a matter of defense properly lying on the defendant. It was not required to be set out in the indictment, and therefore not required to be proved by the prosecution.

*Com. vs. Murphy*, 2 Gray, 514; *Com. vs. Jennings*, 12 Mass., 47; Potters' Dwarris, p. 119.

The last exception to be examined is for the refusal to instruct that no conviction can be had on the third count because no criminal offense is stated in it.

The third count is that upon which the defendant was convicted, the second having been *nol. pros'd*, and on the first the Court instructed that no verdict could be found.

We quote in full Section 33 of the Crim. Procedure Act, page 347, Compiled Laws:

"Every objection to any indictment for any defect apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment before the accused has pleaded and not afterwards; and every court before which any such objection

shall be taken for any such defect may, if it be thought necessary, cause the indictment to be forthwith amended in such particular by some officer of the court or other person, and thereupon the trial shall proceed as if no such defect had appeared; and no motion in arrest of judgment shall be allowed for any defect in any indictment which might have been taken advantage of by demurrer or motion to quash as aforesaid."

It is claimed by defendant's counsel that the force of this Section is to prohibit the allowance of a motion in arrest of judgment, leaving the remedy by exception undisturbed. This construction would frustrate the intent of the statute. The effect of giving the instruction would have been to order an acquittal. The effect of sustaining the exception would be the ordering of a new trial on an indictment stating no criminal offense.

The plea has barred the defendant from making objection in any form to defects in the indictment which are apparent on the face thereof, and the verdict has cured all averments imperfectly alleged.

*Hyman vs. The Queen*, L. R. 8 Q. B., 102, 105; *Regina vs. Aspinall*, 2 Q. B. D. 57, 58.

Exceptions overruled.

*C. W. Ashford* (Attorney-General), for the Crown.

*Hatch, Neumann* and *Rosa*, for defendant.

---

CONCURRING OPINION OF PRESTON, J.

After considerable doubt, I find myself, although very reluctantly, compelled to concur in the foregoing decision.

My doubt and reluctance was not, and is not, caused by the verdict, as it was fully warranted by the evidence; indeed I cannot conceive that any jury could properly arrive at a different conclusion.

But I feel, from the manner in which the jury was made up, although in conformity with law, that the defendant and others may think he had not a fair trial.

The power given to the Marshal, to select talesmen from the circuit at large, in his sole discretion, is a formidable one, and although the abuse of such power has never been brought to the attention of the Court, it may be easily conceived that the time may arrive when the Marshal who holds his appointment from the Attorney-General, may, under instructions from an unscrupulous one, select men adverse to a defendant.

As much injury may be done to the administration of justice, if people think juries are or can be packed, as if such things occurred.

I am induced to make these observations as the Legislature is now in session, and in hope that the law may be amended, by compelling the talesmen to be selected from the remainder of the list of fifty names now made by law, or in such other way as may be calculated to give confidence to accused persons.