## TERRITORY OF HAWAII *v.* TAN YICK.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.
HON. W. S. EDINGS, JUDGE.

ARGUED SEPTEMBER 23, 1915.          DECIDED SEPTEMBER 30, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

STATUTES—*exception—office of.*

An exception in a statute excludes from the purview a person or thing included in the words. Its office is to draw away from the operation of the statute matters which would otherwise be included.

Territory v. Tan Yick, 22 Haw. 773.

WORDS AND PHRASES—"*without.*"

The word "without" as used in R. L. 1915, Sec. 3897, does not imply an exception.

INDICTMENT AND INFORMATION—*material allegations—circumstances of aggravation.*

Where there are several phases of the same kind of crime with varying circumstances of aggravation it is not necessary in an indictment for the simpler offense to negative circumstances of aggravation embraced in the graver.

SAME—*indecent assault.*

In an indictment for indecent assault under R. L. 1915, Sec. 3897, it is not necessary to allege that the assault was committed "without committing or intending to commit the crime of rape."

CRIMINAL LAW—*indecent assault—proof—defense.*

Under an indictment for indecent assault it is not necessary for the prosecution to prove that the offense was committed without the intent to commit rape. Nor is it a defense to such charge that the evidence shows that the defendant did intend to commit rape.

OPINION OF THE COURT BY ROBERTSON, C. J.

(Quarles, J., dissenting)

The plaintiff in error was convicted by a jury under an indictment which charged that he, on the 31st day of December, 1914, "unlawfully, feloniously and without authority or justification by law, did take indecent and improper liberties with the person of one Maria Lau Chong, an unmarried female child under the age of twelve years; and he, the said Tan Yick, also sometimes known as and called Ah Chick, did then and there and thereby commit the crime of indecent assault."

The assignments of error go to the denial by the trial court of defendant's motion, made at the conclusion of the evidence, to direct the acquittal of the defendant on the ground that the indictment charged no offense under the laws of this Territory; and to the refusal of the court to give certain instructions requested by the defendant, and the giving of an instruction as requested by the prosecution.

Section 3897 of the Revised Laws, 1915, provides as follows: "Whoever takes indecent and improper liberties with the per-

son of a female child under the age of twelve years without committing or intending to commit the crime of rape shall be deemed guilty of indecent assault and on conviction thereof shall be punished by a fine not exceeding one thousand dollars or imprisonment at hard labor for not more than five years or both." It will be noticed that the charge stated in the indictment did not include the words "without committing or intending to commit the crime of rape" used in the statute. The absence of those words from the indictment furnished the ground for the defendant's motion for a direction of acquittal. The instructions requested by the defendant, and which the court refused to give, were to the effect that it was incumbent upon the prosecution to prove that the defendant did not rape or intend to rape the prosecuting witness, and that if the jury should find from the evidence that at the time of taking indecent and improper liberties with the girl the defendant did intend to commit the crime of rape the verdict should be "not guilty." The court instructed the jury that it was necessary for the prosecution to prove only that the defendant did take indecent and improper liberties with the person of the girl at the time and place charged, and that she was an unmarried female child under the age of twelve years. No evidence was offered on the part of the defense but there was evidence on the part of the prosecution from which the jury could have found that at the time of the committing of the assault the accused did intend to have sexual intercourse with the prosecutrix, though the intention appears not to have been carried out. The claim that errors were committed as assigned rests upon the one contention that the phrase contained in the statute "without committing or intending to commit the crime of rape" is an essential ingredient of the offense created by the statute which it was necessary to allege in the indictment, and was required to be proved at the trial. Counsel argues that the words just quoted constitute an exception, and he relies upon the familiar rule that where a statute contains an exception which is so incorporated in the

definition or description of the offense defined as to be a material part of it, the indictment must negative the exception. We are of the opinion, however, that the words in question do not constitute an exception, and, therefore, that the rule invoked does not apply. Anderson, in his law dictionary, says that an exception "in a statute, excludes from the purview a person or thing included in the words." The office of an exception is to draw away from the operation of the statute matters which would otherwise be included. *United States* v. *Cook,* 17 Wall. 168, 177; *Campbell* v. *Jackman,* 140 Ia. 475, 480; *Pabst Brewing Co.* v. *Milwaukee,* 148 Wis. 582, 587; *Rowell* v. *Janvrin,* 151 N. Y. 60, 67. We think such is not the effect of the words used in the statute above quoted. The statute, which was originally enacted as Act 128, S. L. 1911, was intended, as we believe, to meet a class of cases involving young girls in which the charge usually made was of assault with intent to commit rape, and where, owing to the difficulty of proving the specific intent, and the absence of statutory authority for a conviction of assault without such intent, under such an indictment, acquittals were often the result. Another section of the same act (now R. L. 1915, Sec. 3898) provided that under an indictment charging rape, or the carnal abuse of a female child under the age of twelve years, or assault with intent to commit either of those offenses, the jury may find the defendant guilty of an indecent assault as defined in the section above quoted. The statute of 1911 was reenacted as part of chapter 224 of the Revised Laws, 1915, wherein are also included the sections relating to rape, the carnal abuse of a female child under the age of twelve years, and assault with intent to commit rape or to carnally abuse such child. The punishment prescribed under section 3896, for an assault with intent to rape or to carnally abuse is the same as that under section 3897, for indecent assault, i. e., a fine not exceeding one thousand dollars or imprisonment not more than five years, or both. The object of the legislature seems to have been then, not only to authorize a con-

viction of the newly defined offense of "indecent assault" where, under an indictment charging rape or an assault with the specified intent, the evidence may fall short of establishing the entire charge, but of providing for the indictment, in the first place, of persons for taking "indecent and improper liberties with the person of a female child under the age of twelve years" irrespective of the intent with which it was done. The phrase contained in the statute which is claimed to constitute an exception begins with the word "without." In the case of *Evans* v. *McFarland,* 186 Mo. 703, 725, it was said, "A proper gloss of the word 'without' does not require it to be read as meaning 'unless' or 'except.' Good usage permits its meaning to be, when employed in a correct propositional sense, 'independently of' 'otherwise than with.' " The phrase in question was not intended to take out of the operation of the statute anything which would otherwise be included in it, but as part of the description of a hitherto undefined offense which was added to the category of sexual crimes. It is a part of the description of the newly created offense, but whether it is a part that must be proved we will consider later. Section 3791 of the Revised Laws, 1915, provides that "No indictment for any offense shall be held insufficient for want of the averment of any matter unnecessary to be proved." So far as the pleading is concerned the case would seem to fall within the general rule that "where there are several species of the same general crime with varying circumstances of aggravation and subject to a gradation of punishments, it is not necessary to negative such circumstances." 22 Cyc. 346. In *Com.* v. *Squire,* 1 Met. 258, there was an indictment for malicious burning. The statute provided that "Every person who shall wilfully and maliciously burn * * * any banking house, store * * * or other building whatsoever, of another, other than is mentioned in the third section, shall be punished," etc. It was held that the indictment was not defective because it did not contain the words "other than is mentioned in the third section." See, to the same effect, *State* v.

*Ambler*, 56 Vt. 672. In *Devoe* v. *Com.*, 3 Met. 316, the charge was of house breaking. The statute provided that "If any person, in the night time, shall break and enter any shop, warehouse, or office, not adjoining to or occupied with a dwelling house," etc. The contention that the indictment was defective because it did not aver that the office alleged to have been entered was "not adjoining to or occupied with a dwelling house," was not sustained. In *People* v. *Durkin*, 5 Park. Cr. Rep. 243, the statute relating to arson in the second degree provided that "Every person who shall wilfully set fire to or burn in the night time any shop, warehouse or other building, not being the subject of arson in the first degree," etc. The count in the indictment upon which the defendant was convicted did not state that the building set fire to was not the subject of arson in the first degree. But the court held (p. 250) that the words "not being the subject of arson in the first degree" did not create an exception, but "were only intended to distinguish between the different degrees of the same general offense." Though the rule just adverted to mentions the "gradation of punishments," the real test is the intention of the legislature to distinguish between different phases of the same kind of crime, and the rule applies though, as here, the punishment prescribed for the aggravated degree is the same as that for the particular offense charged. See *Larned* v. *Com.* 12 Met. 240. This is not a case where a statute has condemned an act when done with a specific intent. In such a case, under the rule that every material fact or circumstance embraced in the definition of the offense in question must be stated in the indictment, the presence of the specific intent must be alleged. Under our statute the intent with which an indecent assault is committed is immaterial.

Counsel for the plaintiff in error, in connection with his contention that the jury was misdirected, argues that in a charge under section 3897 it is necessary for the prosecution to prove, as well as to allege, a lack of intent on the part of the accused to commit rape, and, hence, that if in any case the evidence

shows that rape was committed, or that the intent to commit it was present, it would be a complete defense to the charge and the accused would be entitled to an acquittal. Clear and unmistakable language would have to be used by the legislature before the court would be warranted in attributing to it the intention that evidence of the commission, or the intent to commit, the crime of rape would constitute a defense to a charge of indecent assault. The rule of law, in the absence of statute, is that it is no defense to an indictment that the facts in proof show that the defendant committed an offense of a higher degree than that charged. *Com.* v. *Smith,* 151 Mass. 491, 495; *Com.* v. *Hogarty,* 141 Mass. 106, 110; *People* v. *Durkin,* supra. An analogy is found in the law of homicide. Manslaughter is the unlawful killing of a human being without malice, but under an indictment for manslaughter it is not necessary for the prosecution to prove that malice did not exist. And so it was held in the case of *Com.* v. *McPike,* 3 Cush. 181, that it is no defense to an indictment for manslaughter that the evidence shows that the defendant committed murder. Upon the same principle it was held in *Com.* v. *Creadon,* 162 Mass. 466, that a defendant may be convicted on an indictment charging an assault with intent to commit rape even though the evidence showed his crime was rape. And in the case of *State* v. *Hamey,* 168 Mo. 167, 203, it was decided that under an indictment charging carnal knowledge of an unmarried female between the ages of fourteen and eighteen years, it is no defense that the evidence showed that rape was committed.

The intention of the legislature was to condemn the act of taking improper and indecent liberties with the persons of female children under the age of twelve years. Whether or not the person indicted, at the time he committed the assault, entertained an intent to go farther is immaterial. Proof of the commission of rape, or of an assault with intent to commit rape, would, as it did in the case at bar, prove the taking of indecent

and improper liberties with the person of the prosecutrix. The defendant was not surprised or otherwise prejudiced in his defense, and he cannot very well complain because he was not accused of having intended to commit rape. We hold that it was not necessary to either allege or prove that the assault was committed without committing or intending to commit rape.

The judgment of the circuit court is affirmed.

*Eugene Murphy* for plaintiff in error.

*E. R. Bevins, County Attorney* of Maui, for defendant in error.

### DISSENTING OPINION OF QUARLES, J.

The indictment in this case, in my opinion, failed to state any crime or offense against the defendant, failing to state the intent with which the defendant committed the acts charged against him, did not allege the offense described and forbidden by section 3897, R. L. The words contained in that statute, to wit, "without committing or intending to commit the crime of rape" are descriptive of the crime, a new one, created by such statute. The indictment did not charge a simple assault, as defined in section 3874, R. L., in that there is no allegation of "a malicious attempt forcibly to do a corporal injury to another without authority or justification by law." It did not allege the acts which constitute a crime under section 3896, R. L., in that it failed to allege a malicious assault with intent to commit the crime of rape and did not allege that defendant "maliciously" assaulted any female child under the age of twelve years with intent to ravish or carnally abuse such child. It did not state an offense under section 3897, R. L., the statute under which this prosecution was evidently instituted, in that the indictment was wholly silent as to the intent of the defendant. The offense created by section 3897, R. L., is a revolting one, and one which should be subject to severe punishment, and the legislature has very properly prescribed the same punishment for the offense

created by this statute as is prescribed for an assault with intent to commit rape. Nevertheless it is such an old and established principle of criminal procedure that an indictment against an accused must state with particularity all of the essential elements and ingredients of the crime charged against him that it would seem unnecessary to discuss this rule. In the crime of indecent assault, defined and prescribed by section 3897, R. L., as well as in the crime of assault with intent to ravish, defined and forbidden in section 3896, R. L., the question of intent is a material and necessary ingredient. In the one case the intent to commit or attempt to commit the forbidden act must exist; in the other the intent not to commit the crime of rape must exist. The indictment in this case fails to charge the felony defined in section 3897, R. L., in that the intent with which the acts alleged were done is entirely omitted, and the words "without committing or intending to commit the crime of rape" are a necessary part of the description and are descriptive of the new crime created by this statute enacted in 1911.

When intent is made a part of the definition of the crime it is one of the ingredients of such crime and such intent must be alleged in the indictment else the indictment does not state an offense. *State* v. *Bacon*, 7 Vt. 219, 222; *United States* v. *Gleason*, Woolw. 75, Fed. Cas. 15,215; *People* v. *Lohman*, 2 Barb. 216, 218; *Brittin* v. *State*, 5 Eng. (10 Ark.) 299; *Sarah* v. *State*, 28 Miss. 267; *State* v. *Gove*, 34 N. H. 510; *State* v. *Freeman*, 6 Blackf. 248; *State* v. *Drake*, 1 Vroom 422; *Morrow* v. *State*, 10 Humph. 120.

"Where the intention is made a material ingredient in the offense, it is always necessary to allege it." *State* v. *Ullman*, 5 Minn. 1, 5. And to the same effect see also the following authorities: *Johnson* v. *State*, 1 Tex. App. 146; *Howard* v. *State*, 8 Tex. App. 447; *Drake* v. *State*, 19 Ohio St. 211, 217; *State* v. *Malloy*, 5 Vroom 410; *Wood* v. *State*, 46 Ga. 322; 1 Arch.

Cr. Prac. & Pl. (7th ed., 1860), 282-285 and authorities cited in notes.

"The general rule in reference to an indictment is that all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted, such omission cannot be supplied by intendment or implication. The charge must be made directly and not inferentially or by way of recital. *United States* v. *Hess,* 124 U. S. 483, 486. * * * This indictment does not in terms aver that it was the purpose of the conspiracy to violate the injunction referred to or to impede or obstruct the due administration of justice in the circuit court; but it states, as a legal conclusion from the previous allegations, that the defendants conspired so to obstruct and impede * * * but the indictment nowhere made the direct charge that the purpose of the conspiracy was to violate the injunction or to interfere with the proceedings in the circuit court." *Pettibone* v. *United States,* 148 U. S. 197, 202, 203. The court held that the indictment did not state an offense.

"So far as relates to the charge of felony, there is no allegation that the defendant used the means to procure the abortion *with intent thereby to destroy the child.* * * * That is a part, and, as we deem it, an essential part of the definition of the offense contained in the Act of 1846. When a particular intent accompanying an act is requisite to constitute a crime it should be averred in the indictment." *People* v. *Lohman,* 2 Barb. at p. 218, citing 6 East. Rep. 473, 4; 1 Chit. Cr. Law 233.

"It is a well established general rule of criminal pleading in relation to offences created by statute, that where the words of the statute are descriptive of the offence, the indictment must follow, substantially at least, the language of the statute, and expressly charge the respondent with the commission of the offence as described, or it will be defective. The respondent must be brought within the material words of the statute, and

nothing will be taken by intendment. Wharton's Cr. Law, 185, and authorities; 1 Chitty's Cr. Law, 281, 2, 3; 1 Archb. Cr. Plead. 50; *People* v. *Allen,* 5 Denio 76. * * * Where a particular intent is essential to constitute a crime that intent must be distinctly alleged in the indictment. *People* v. *Lohman,* 2 Barb., S. C. 216; *Gabe* v. *State,* 1 Eng. 519; *Commonwealth* v. *Morse,* 2 Mass. 128." *State·v. Gove,* 34 N. H. 510, 515. To the same effect see *United States* v. *Staats,* 8 How. 41, 44; *United States* v. *Carll,* 105 U. S. 611; *Evans* v. *United States,* 153 U. S. 584, 594; *United States* v. *Britton,* 107 U. S. 655, 669; *Spurr* v. *United States,* 174 U. S. 728, 735.

"The particular intent must, therefore, be left to the jury to be determined by all the facts in the case, and should not in this case be given to them as a legal presumption. It must be remembered that this act is only criminal if done with a particular intent, and that intent must, therefore, be alleged and proved according to all the terms of the statute." *State* v. *Malloy,* supra, citing *Commonwealth* v. *Dana,* 2 Metc. 329; *Miller* v. *People,* 5 Barb. 203; *Commonwealth* v. *York,* 9 Metc. 93; 1 Arch. Prac. & Pl. 119-121; 3 Greenl. Ev., Sec. 13; 1 Stark. Ev., 524. These authorities hold that the intent must be proven, but that it may be proven by proof of the actions and surrounding circumstances of the defendant.

"It is a general principle of evidence that a man shall be taken to intend that which he does, or which is the immediate and natural consequence of his act. But where an act in itself indifferent becomes criminal if it be done with a particular intent, then the intent must be alleged and proved. The intent in the present case was a material ingredient in the offense, and was a question of fact, under all the circumstances, for the consideration of the jury. It was for them to find whether there had been an intentional, wanton and indecent exposure of the persons of the defendants, at such a time and place, and in such a manner,

as to offend against public decency." *Miller* v. *People*, 5 Barb. 203.

The trial court erred, in my opinion, in refusing to instruct the jury to find for the defendant on the ground that the evidence showed that the defendant was not guilty of taking "indecent and improper liberties with the person" of one Maria Lau Chong, an unmarried "female child under the age of twelve years, without committing or attempting to commit the crime of rape." The indictment failing to allege an essential ingredient in this statutory crime, stated no criminal offense against the defendant and he was, in my opinion, entitled to be discharged, and the court should have given the request for an instructed verdict.

The evidence shows conclusively that the defendant did not commit the crime of indecent assault, as defined in section 3897, R. L., but did commit the crime of assault with intent to ravish, as defined in section 3896, R. L. Now by section 3898, R. L., the legislature has provided that under an indictment charging rape or carnal abuse of a female child under twelve years of age, or charging assault with intent to commit either of such offenses, the jury may find "the defendant guilty of an indecent assault *if the facts so warrant.*" Now the facts to warrant conviction of an indecent assault must show that it was committed without committing rape, and without intending to commit rape. The two offenses are of a diverse nature. The intent necessary to create the one proves conclusively that the other was not committed. In the one *the intent to commit rape* must exist; in the other *the intent not to commit rape* must exist. The words of the statute, "without committing or intending to commit rape," are descriptive and definitive of the very nature of the acts constituting the offense and do not constitute an exception to a general rule prescribed by the statute, but are of the essence of the general rule applicable to all persons committing the acts forbidden by the statute.

I am unable to concur in the majority opinion wherein it holds that the question of intent is immaterial, as I understand it to hold. What the legislature said, and evidently intended to say, is, that where a defendant is prosecuted under an indictment charging rape, carnal abuse of a female child under twelve years of age, or assault with intent to commit rape, if the facts showing an indecent assault are proven but the proven facts and circumstances do not show intent to rape or carnally abuse the female child upon whom the assault is allaged to have been made, the defendant may be convicted of indecent assault. The legislature has nowhere provided that under an indictment charging an indecent assault the defendant may be convicted of rape or carnal abuse of a female child under twelve years of age, or of an assault with intent to commit either of such crimes. That is what has occurred in this case, without warrant of law, in my opinion. It would be just as reasonable to hold that a man charged with assault might be convicted of homicide as it is to hold that a man charged with an indecent assault may be convicted of an attempt to commit rape.

The offense shown by the evidence in this case to have been committed by the defendant constitutes a heinous crime against good morals, decency and the best interests of society and merits severe punishment. Nevertheless, the defendant in this, as in all other cases, should be lawfully convicted according to established rules of law and procedure. In my opinion the judgment should be reversed and a new trial granted.