## TERRITORY *v.* JAMES FONG YEN CHING.

### No. 2252.

SUBMITTED JANUARY 29, 1936.          DECIDED FEBRUARY 13, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

On October 31, 1935, an indictment was returned against the defendant charging him in each of the two counts thereof with the offense of murder in the second degree. He interposed a demurrer to the indictment which the trial court reserved for the consideration of this court upon the single question of whether the demurrer to the indictment should be sustained.

The demurrer raises but two questions, i. e. (1), whether the words "without authority, justification or extenuation by law" contained in the statutory definition of murder may be alleged in an indictment charging the offense of murder in the second degree in the conjunctive, that is, as in the instant case, "without authority and without justification and without extenuation by law" and, if not (2), whether under the provisions of R. L. H. 1935, § 5501, the excusatory words of the statute need be alleged at all, and the allegation as made, under the provisions of R. L. H. 1935, § 5505, rejected as surplusage.

Murder is defined in the statute as " * * * the killing of any human being with malice aforethought, without authority, justification or extenuation by law * * *." R. L. H. 1935, § 5990. It is of two degrees but the distinguishing features of each are immaterial to a consideration of the question reserved.

As a general rule where an exception or proviso contained in a statute defining an offense is a matter of definition separable from the description of the offense and not an ingredient thereof, the same need not be negatived in charging the offense. *The King* v. *Hulu,* 3 Haw. 83; *The King* v. *Gibson,* 6 Haw. 310, 312; *The King* v. *MacFarlane,* 7 Haw. 352, 356; *Territory* v. *Tan Yick,* 22 Haw. 773, 775; *Territory* v. *Reyes, ante,* pp. 180, 187. But where an exception or proviso contained in the statute defining an offense forms a portion of the description of the offense so that the ingredients thereof cannot be accurately and definitely stated if the exception or proviso is omitted it must be negatived in charging the offense. *Republic* v. *Ah Yee,* 12 Haw. 169, 171.

The exception "without authority, justification or extenuation by law" is common to the statutory definitions of both murder and manslaughter and this court in effect has held that in the statutory definition of manslaughter

the exception forms a portion of the description of that offense. *Territory* v. *Braly,* 29 Haw. 7, 12. On reason the exception contained in the statutory definition of murder equally forms a portion of the statutory description of the offense of murder. As such, assuming that the provisions of R. L. H. 1935, § 5501, do not apply, the exception must be negatived in an indictment charging murder in the second degree. And this is so despite the presumption that arises "when the act of killing another is proved" under the provisions of R. L. H. 1935, § 5991. *The King* v. *Gibson, supra,* p. 312. Had the indictment alleged the exception in the disjunctive as it appears in the statutory definition of murder, that is, that the act of killing was "without authority, justification or extenuation by law" it unquestionably would have been good. *Republic* v. *Kapea,* 11 Haw. 293, 299, 301. In our opinion the allegation of the exception in the conjunctive does not alter the statutory description of the offense and is equally good. The statutory recitation of the exceptions in the disjunctive excludes from the inculpatory ingredients of the statutory offense of murder, the killing of a human being, with "authority, justification or extenuation by law." The indictment similarly excludes from the inculpatory ingredients of the offense charged the killing of a human being with "authority, justification or extenuation by law." By the recitation of the exceptions in the conjunctive the Territory has negatived the presence of all the exceptions recited in the statute in the disjunctive. This is not a case where a statute makes punishable various acts and mentions them disjunctively admitting of an indictment charging the commission of two or more of such acts conjunctively. And the rule that under those circumstances proof of any one of the unlawful acts alleged conjunctively is sufficient to sustain the allegations of the indictment does not apply. Where, as here, the

effect of the allegation in the conjunctive of exceptions appearing in the statutory definition of an offense in the disjunctive, is not to alter the statutory description of the offense, the exceptions may be alleged conjunctively. 31 C. J., T. Indictments and Informations, § 270, n. 98. Under the allegations of both counts of the indictment it is incumbent upon the prosecution to prove that the killing of the human being as charged was without authority, justification or extenuation by law. The presence of any one of the exceptions would prevent the offense from constituting murder.

Whether or not it is necessary in an indictment for murder to negative the exceptions contained in the statute creating and defining the offense of murder and whether the allegations of the exceptions in the conjunctive as contained in the indictment may be considered unnecessary and rejected as surplusage, we deem unnecessary to determine.

The reserved question is therefore answered in the negative.

*J. C. Kelley,* Public Prosecutor, and *C. E. Cassidy,* Assistant Public Prosecutor, for the Territory.

*W. H. Heen* for defendant.