## STATE OF HAWAII, Plaintiff-Appellant, *v.* EDWIN B. ADAMS, Defendant-Appellee

NO. 8056

CRIMINAL NO. 53859

MAY 21, 1982

RICHARDSON, C.J., LUM, NAKAMURA,
PADGETT, HAYASHI, JJ.

*Per Curiam.* This appeal was taken by the State from an order of the trial judge dismissing before trial an indictment charging defendant, Edwin B. Adams, with the offenses of promoting a harmful drug in the second degree under HRS § 712-1245(1)(c) (1976) and promoting a dangerous drug in the second degree under HRS § 712-1242(1)(c) (1976). The ruling of the court raises the issues of whether the State, having knowledge of a defense, must include the defense in the language of the indictment and whether the facts supporting such defense must be presented to the grand jury. We answer both questions in the negative and reverse.

We first discuss whether the indictment was facially defective.

The trial judge ruled that the prosecutor, knowing that the defendant was a physician and had available the defense as provided by HRS § 712-1240.1 (Supp. 1981),[1] was required to frame the language of the charge so as to include the defense.

An indictment must be in a form legally sufficient to advise a defendant of the nature of the accusation against him. *State v. Faulkner*, 61 Haw. 177, 178, 599 P.2d 285, 286 (1979). It must sufficiently allege all of the essential elements of the offense charged. *State v. Jendrusch*, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977).

It has long been held that indictments need not anticipate and negate possible defenses; rather, it is left to the defendant to show his defenses at trial. *United States v. Sisson*, 399 U.S. 267, 288 (1970); *Evans v. United States*, 153 U.S. 584, 590 (1894); *United States v. Mavrick*, 601 F.2d 921, 927 (7th Cir. 1979); *State v. Bell*, 90 N.M. 134, 142, 560 P.2d 925, 933 (1977); *cf. The King v. Gibson*, 6 Haw. 310, 312 (1882) (matters unnecessary to be proved or which would more properly come from the other side need not be averred under 1876, Ch. XL., Section 15 and rules of pleading); HRS § 806-27 (1976) (indictments need not aver any matter unnecessary to be proved).

In *United States v. Ramzy*, 446 F.2d 1184 (5th Cir. 1971), *cert. denied*, 404 U.S. 992 (1971), the appellant contended that his status as a medical doctor required the indictment against him to expressly negate the statutory provision exempting practitioners from prosecution for selling certain drugs. In denying his contention, the court stated, "it was clearly the defendant's burden to prove as an affirmative defense that his conduct fell within the legislative exception, and there was no necessity for the indictment to allege that it was not." *Id.* at 1186 (citations omitted); *see also Tritt v. United States*, 421 F.2d 928 (10th Cir. 1970); *Gray v. United States*, 430 F. Supp. 399, 402-03 (E.D. Mo. 1977).

In accordance with the general rule, we find that the indictment was not required to negate the defense and thus, the indictment

---

[1] § 712-1240.1 *Defense to promoting.* It is a defense to prosecution for any offense defined in this part that the person who possessed or distributed the dangerous, harmful, or detrimental drug did so under authority of law as a practitioner, as an ultimate user of the drug pursuant to a lawful prescription, or as a person otherwise authorized by law.

sufficiently alleged all of the essential elements of the offense charged.[2]

Defendant cites *United States v. King,* 587 F.2d 956 (9th Cir. 1978) in support of his position. In *King* an indictment was brought against a physician for the illegal distribution of a controlled substance. A medical exception to the offense authorized "practitioners" to dispense controlled substances, but the indictment did not indicate whether the defendant was a "practitioner." Finding the indictment fatally defective, the court stated:

> Deal's argument, in essense, is that the indictment did not charge an essential element of the offense. *See* Fed. R. Crim. P. 7(c). We agree. In *United States v. Black,* 512 F.2d 864 (9th Cir. 1975), our court held that lack of authorization to distribute or dispense controlled substances is an element of the crime. *Id.* at 868. The most liberal reading of the indictment does not reflect an allegation that Deal acted outside of the scope of the medical exception.

*Id.* at 963 (footnote omitted).

The result in *King* follows the rule that where a statutory exception or proviso is a part of the definition or description of the offense, the indictment may be required to negate the exception. *Territory v. Ching,* 33 Haw. 686, 687 (1936); *Territory v. Reyes,* 33 Haw. 180, 187 (1934); *People v. Kohut,* 30 N.Y.2d 183, 187, 282 N.E.2d 312, 314-15, 331 N.Y.S.2d 416, 420 (1972). Even were we to apply this rule, which is normally limited to statutory exceptions and provisos, *King* is inapposite to the instant case. The decision in *King* was premised on the holding in *United States v. Black, supra,* that the medical exception[3] to 21 U.S.C. § 841(a)(1) (1976) was an element of the crime. We do no find the provision for practitioners found in HRS § 712-1240.1 to be an element of the offense. The legislature's intent to enact HRS § 712-1240.1 as a defense rather than an ele-

---

[2] The conclusion reached herein is consistent with our decision in State v. Lee (No. 7982, March 16, 1982).

[3] 21 U.S.C. § 822(b) (1976) reads:
Persons registered by the Attorney General under this subchapter to manufacture, distribute, or dispense controlled substances are authorized to possess, manufacture, distribute, or dispense such substances . . . to the extent authorized by their registration and in conformity with other provisions of this subchapter.

ment of an offense is evidenced by the Senate and House Committees on Judiciary reports which state, "[t]he purpose of this bill [codified in HRS § 712-1240.1] is to provide a *defense* for the lawful possession or distribution of drugs by pharmacists, doctors, dentists, veterinarians or other practitioners . . . ." S. Stand. Comm. Rep. No. 1127, 9th Haw. Leg., 1st Sess., *reprinted in* Senate Journal 1302 (1977); H. Stand. Comm. Rep. No. 683, 9th Haw. Leg., 1st Sess., *reprinted in* House Journal 1601 (1977) (emphasis added).[4]

We now turn to the question of whether the prosecutor was required to present facts supporting the defense provided by HRS § 712-1240.1 to the grand jury.

The prosecutor has wide discretion in selecting and presenting evidence before the grand jury and is not required to present all exculpatory evidence. *State v. O'Daniel,* 62 Haw. 518, 520-21, 616 P.2d 1383, 1386 (1980); *State v. Bell,* 60 Haw. 241, 245, 589 P.2d 517, 520 (1978). It is only where evidence of a clearly exculpatory nature is known to the prosecutor that such evidence must be presented to the grand jury. *State v. O'Daniel, supra* at 522, 616 P.2d at 1387; *State v. Bell, supra* at 245, 589 P.2d at 520.

Although evidence of defendant's status as a physician tends to negate defendant's guilt, it does not furnish an absolute defense. A physician may be classified as a "practitioner" who has a defense to promoting pursuant to HRS § 712-1240.1 only where he acts "under authority of law as a practitioner."

As previously noted, the purpose of HRS § 712-1240.1 is to "provide a defense for the *lawful* possession or distribution of drugs by . . . practitioners." S. Stand. Comm. Rep. No. 1127, *supra;* H. Stand. Comm. Rep. No. 683, *supra* (emphasis added).

Since HRS § 712-1240.1 only provides a defense for lawful acts

---

[4] In enacting the statutes under which defendant was indicted, the legislature expressed an intent to harmonize the drug abuse laws of Hawaii and the federal government. *See* S. Conf. Comm. Rep. No. 1, 6th Haw. Leg., 2nd Sess., *reprinted in* Senate Journal 1035 (1972); H. Conf. Comm. Rep. No. 1-72, 6th Haw. Leg., 2nd Sess., *reprinted in* House Journal 734 (1972). Despite this design, we are not bound by interpretations of federal statutes analogous to those of Hawaii. *Cf.* Island Tobacco Co. v. R. J. Reynolds Tobacco Co., 63 Haw. 289, 627 P.2d 260 (1981) (federal rulings with respect to federal antitrust laws comparable to those of Hawaii will not be blindly accepted and will serve primarily as guides to the interpretation and application of state law).

of practitioners, a practitioner may violate HRS §§ 712-1245(1)(c) or 712-1242(1)(c) if his acts are unlawful. Thus, evidence of defendant's status as a practitioner would not clearly exculpate him, and the prosecutor was not required to present evidence of defendant's possible defense to the grand jury. *Cf. United States v. Moore,* 423 U.S. 122 (1975) (only the lawful acts of registrants are exempted from prosecution under 21 U.S.C. § 841(a)(1) for distributing and dispensing drugs).[5]

Reversed.

*Christine Kurashige,* Deputy Prosecuting Attorney, on the briefs for plaintiff-appellant.

*Michael A. Weight* on the brief for defendant-appellee.

---

[5] Defendant cites United States v. Black, *supra,* for the proposition that the state was required to prove that the defense was unavailable to defendant. In *Black,* the court held that once the government established the defendant was a "practitioner," the government was required to prove that his acts were outside the "practitioner" exception. We find *Black* inapplicable to the instant case because it dealt with the government's burden of proof at trial instead of the presentation of evidence before the grand jury.