**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **MARC NOBRIGA**, Defendant–Appellant

NO. 16206

(CASE NO. TR29 OF 5/4/92)

MAY 3, 1994

BURNS, C.J., HEEN, AND WATANABE, JJ.

354

OPINION OF THE COURT BY WATANABE, J.

Defendant–Appellant Marc Nobriga (Defendant) appeals from his May 4, 1992 conviction of Animal Nuisance, contending that the State failed to prove an essential element of the offense with which he was charged, thus entitling him to an acquittal.

We affirm.

## BACKGROUND

Defendant lives on property in Pupukea, Oʻahu, upon which he keeps approximately twenty–five to fifty roosters. On March 12, 1992, he was cited by an assistant investigator for the Hawaiian Humane Society for committing the offense of Animal Nuisance. That offense, which is set forth in Revised Ordinances of Honolulu (ROH) § 7–2.3 (1990), provides, in pertinent part, as follows:

> It is unlawful to be the owner of an animal, farm animal or poultry engaged in animal nuisance as defined in Section 7–2.2[.]

The term "animal nuisance" is defined in ROH § 7–2.2 (1990), partly, as follows:

> "Animal nuisance," for the purposes of this section, shall include but not be limited to any animal, farm animal or poultry which:
> (a) Makes noise continuously and/or incessantly for a period of 10 minutes or intermittently for one–half hour or more to the disturbance of any person at any time of day or night and regardless of whether the animal, farm animal or poultry is physically situated in or upon private property[.]

However, a specific exception to the above offense is established in ROH § 7–2.4(a) (1990), which provides:

> Nothing in this article applies to animals, farm animals or poultry raised, bred or kept as a commercial enterprise or for food purposes where commercial kennels or the keeping of livestock is a permitted use.

At trial, three witnesses testified for the State. An animal control officer for the Hawaiian Humane Society testified that he had issued a warning citation to Defendant on January 15, 1992, notifying Defendant that his roosters were creating too much noise. According to the officer, he spoke to Defendant at the time the citation was issued and advised Defendant that the roosters could not "make noise for ten minutes constantly or thirty minutes intermittently." Transcript (Tr.) at 6. Defendant responded that he would try to comply with the law.

An assistant investigator for the Hawaiian Humane Society stated that on March 12, 1992, he monitored roosters on Defendant's property crowing continuously for a twenty–minute period between 7:25 a.m. and 8:10 a.m. Defendant's neighbor also testified that on March 12, 1992, she could not sleep because Defendant's roosters crowed continuously from two o'clock in the morning.

At the close of the State's case, Defendant moved for a judgment of acquittal, which was denied. Defendant then declined to put on any evidence and renewed his motion for acquittal, arguing that the State had failed to prove an essential element of the offense of Animal Nuisance; namely, that the keeping of roosters was not a permitted use of Defendant's property under ROH §7–2.4(a).

Defendant's motion was denied, and Defendant was thereafter adjudged guilty of the offense of Animal Nuisance and sentenced to pay a $25 fine.

This appeal followed.

## DISCUSSION

The crux of Defendant's argument on appeal is that the State had the burden of proving that Defendant did not fall within any of the exceptions to the general Animal Nuisance ordinance. We disagree.

The general prohibition against Animal Nuisance is set forth in ROH §§ 7–2.2 and 7–2.3, while the exceptions to Animal Nuisance are set forth in ROH § 7–2.4(a). The general and well–settled common law rule is that where an exception is embodied in the language of the enacting clause of a criminal statute,[1] and therefore appears to be an integral part of the verbal description of the offense, the burden is on the prosecution to negative that exception, prima facie, as part of its main case. Annotation, *Burden of Averment and Proof As to Exception in Criminal Statute on Which the Prosecution Is Based*, 153 A.L.R. 1218, 1226 (1944); 1 WHARTON'S CRIMINAL EVIDENCE § 20, at 35 (C. Torcia 13th ed. 1972).

This general rule does not apply, however, "when the facts hypothesized in the exceptive provision are

---

[1] In criminal nomenclature, the term "enacting clause" has long been applied to the prohibitory declaration of the statute which contains the general or preliminary description of the acts prohibited; *i.e.*, the clause which proscribes the offensive deed. Annotation, *Burden of Averment and Proof As to Exception in Criminal Statute on Which the Prosecution Is Based*, 153 A.L.R. 1218, 1226 (1944).

peculiarly within the knowledge of the defendant, or the evidence concerning them is within [the defendant's] private control." 1 WHARTON'S CRIMINAL EVIDENCE § 20, at 35. Furthermore, when the exception appears somewhere other than in the enacting clause, and is thus a distinct substantive exception or proviso, the burden is on the defendant to bring forward evidence of exceptive facts that constitute a defense. Annotation, 153 A.L.R. at 1277–78; 1 WHARTON'S CRIMINAL EVIDENCE § 20, at 35. The prosecutor is not required in such instances to negative, by proof in advance, exceptions not found in the enacting clause. 1 WHARTON'S CRIMINAL EVIDENCE § 20, at 33–34.

In Hawai'i, the general common law rules regarding the burden of proving exceptions to a criminal statute appear to be codified in the Hawai'i Penal Code.

Pursuant to HRS § 701–114(1)(a) (1985), the State's burden is to prove, beyond a reasonable doubt, each element of the offense with which Defendant was charged. According to HRS § 702–205 (1985):

> The elements of an offense are such (1) conduct, (2) attendant circumstances, and (3) results of conduct, as:
> (a) Are specified by the definition of the offense, and
> (b) Negative a defense (other than a defense based on the statute of limitations, lack of venue, or lack of jurisdiction).

HRS § 701–115(1) (1985) defines a "defense" as "a fact or set of facts which negatives penal liability," and HRS § 701–115(2) (1985) provides that "[n]o defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented."

Pursuant to the above statutes, the State has the initial burden of negativing statutory exceptions to an offense only if the exceptions are incorporated into the definition of the offense. If a statutory exception to an offense constitutes a separate and distinct defense, however, the State's burden to disprove the defense beyond a reasonable doubt arises only after evidence of the defense is first raised by the defendant. The initial burden in such instances is on the defendant "to come forward with some credible evidence of facts constituting the defense, unless, of course, those facts are supplied by the prosecution's witnesses." Commentary on HRS § 701–115.

In the instant case, the general prohibition against Animal Nuisance, set forth in ROH §§ 7–2.2 and 7–2.3, does not incorporate the ROH § 7–2.4 exceptions into the definition of the offense. Instead, the exceptions are located in a separate and distinct section of the ordinance. Moreover, the exceptive fact that Defendant raised, bred, or kept his roosters as a commercial enterprise or for food purposes is peculiarly within Defendant's knowledge. Since the exception, if proved, would negative Defendant's penal liability for Animal Nuisance, it constitutes a defense. Therefore, in order to claim the benefit of this defense, Defendant had the initial burden of bringing himself clearly within the exception, *State v. Russell*, 62 Haw. 474, 480, 617 P.2d 84, 88 (1980), by presenting facts constituting said defense. Only if Defendant had fulfilled his burden would any obligation arise on the State's part to disprove the defense beyond a reasonable doubt. *See State v. Adams*, 64 Haw. 568, 645 P.2d 308 (1982); *State v. McNulty*, 60 Haw. 259, 262, 588 P.2d 438, 443 (1978).

Because Defendant offered absolutely no evidence at trial, and the facts constituting his defense were not supplied by the State,[2] the State was not required to present any evidence disproving Defendant's defense beyond a reasonable doubt.

There being substantial evidence in the record to support a conviction of Animal Nuisance, we accordingly affirm.

*Seth Thompson* (Shigetomi & Thompson, of counsel) on the briefs for defendant–appellant.

*James M. Anderson*, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff–appellee.

---

[2] We disagree with Defendant that the testimony of his neighbor that she herself had chickens, as well as a horse (Transcript at 33), supplied the facts necessary to establish his defense.