**UNITED STATES of America,
Plaintiff–Appellant,**

**v.**

**Jae Gab KIM, Defendant–Appellee.**

**United States of America,
Plaintiff–Appellant,**

**v.**

**John Edward Stoll, Defendant–
Appellee.**

**Nos. 01–50472, 01–50543.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2002.*

Filed Aug. 5, 2002.

Amended Feb. 4, 2003.

Miriam A. Krinsky and Becky S. Walker, Assistant United States Attorneys, Los Angeles, California, for the plaintiff-appellant.

Maria E. Stratton, Federal Pubic Defender, James H. Locklin, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellee Stoll.

William J. Genego, Esq., Santa Monica, California, for defendant-appellee Kim.

Before NOONAN, WARDLAW and BERZON, Circuit Judges.

**ORDER**

The opinion filed on August 5, 2002 is amended as follows:

Slip Opinion, p. 11152, ¶ 3, Eliminate the entire paragraph

and replace as follows: We do note that the Rules say that they "do not extend or limit the jurisdiction of the courts of appeals." Fed. R.App. P. 1(b).[1] We also note that, although we have said in dicta that § 3731 was not jurisdictional, *United States v. Humphries*, 636 F.2d 1172, 1177 (9th Cir.1980), we are not bound by this dicta and now agree with the Tenth Circuit that the statute is jurisdictional, *United States v. Sasser*, 971 F.2d 470, 473 (10th Cir.1972). Although the *Sasser* court went on to find a conflict between Rule 4(b) and § 3731,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**1.** We also note that Fed. R.App. P. 1(b) has been abrogated effective December 1, 2002. *See* Order of April 29, 2002, 122 S.Ct. No. 18, Ct.R–648 (2002).

the conflict asserted here is a different one. We are reluctant to read the Rules, carefully crafted as they are, to have made an illegal expansion of our jurisdiction. Rather, we read Fed. R.App. P. 4(b)(1)(B)(i) to make precise the meaning in this context of "rendered" in § 3731. We hold that, in the light of the Rule, a judgment is rendered when there is entry of the judgment on the docket. Accordingly, the government's appeals in these two cases were timely.