UNITED STATES of America,
Plaintiff—Appellant,

v.

Sardar Jan BAREKZAI, aka Aziz Ahmad Barekzai, aka Sardar Ahmad Barekzai; Malia Barekzai, aka Malia Housini, Defendants—Appellees.

No. 08–10283.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2009.*

Filed May 15, 2009.

Kimberly M. Frayn, Esquire, Jeffrey T. Tao, Robert Lawrence Ellman, Esquire, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellant.

William Carrico, Esquire, Assistant Federal Public Defender, Jason F. Carr, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, Mario D. Valencia, Esquire, Mario D. Valencia, Attorney at Law, Henderson, NV, for Defendants–Appellees.

Before: HUG, HAWKINS and TALLMAN, Circuit Judges.

MEMORANDUM **

The government appeals the district court's denial of its motion to revoke the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

citizenship of Sardar and Malia Barekzai after their convictions for procuring citizenship unlawfully under 18 U.S.C. § 1425. The government argues that the district court failed to obey the mandatory directive in 8 U.S.C. § 1451(e) that the citizenship of a person convicted of violating 18 U.S.C. § 1425 "shall" be revoked.

 The Barekzais argue that this court lacks jurisdiction because the government does not have authority to appeal the denial of a motion to revoke citizenship under 18 U.S.C. § 3731 and because the appeal is not timely under Fed. R.App. P. 4(b). We disagree. The government has authority to appeal under 18 U.S.C. § 3731 because it allows any appeal by the government in a criminal case that is not constitutionally barred, and the Barekzais do not assert a constitutional bar. *See United States v. Wilson,* 420 U.S. 332, 337–39, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *United States v. Fernandez,* 231 F.3d 1240, 1244 (9th Cir.2000). The government's appeal is also timely, because it was filed within 30 days of the entry of the district court's order. *See United States v. Kim,* 317 F.3d 917, 918 (9th Cir.2003), *amending* 298 F.3d 746 (9th Cir.2002). We have jurisdiction.

 The district court erred when it created an exception to the statutory mandate for revocation of citizenship upon conviction for unlawfully procuring citizenship. *See* 8 U.S.C. § 1451(e) ("When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had *shall* thereupon revoke, set aside, and declare void the final order admitting such person to citizenship . . . ." (emphasis added)); *United States v. Inocencio,* 328 F.3d 1207, 1209–10 (9th Cir. 2003). Because the Barekzais pled guilty to unlawfully procuring citizenship, no further proof of the elements was required and revocation was mandatory. There is no exception.

REVERSED and REMANDED with instructions to enter an order revoking defendants' citizenship.