**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>    v.<br><br>HAROLD C. SPEAR, III, M.D.,<br><br>        Defendant - Appellant. | No. 12-10124<br><br>D.C. No. 1:08-cr-00128-DAE-1<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>    v.<br><br>HAROLD C. SPEAR, III, M.D.,<br><br>        Defendant - Appellant. | No. 12-10125<br><br>D.C. No. 1:07-cr-00299-DAE-1 |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted October 8, 2013
Honolulu, Hawaii

Before: KOZINSKI, Chief Judge, and FISHER and WATFORD, Circuit Judges.

---

        *This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Harold Spear appeals his conviction by guilty plea to five counts of knowingly and intentionally distributing controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1.** There was no plain error in the change of plea colloquy. Spear admitted dispensing controlled substances outside the usual course of professional medical practice and not for a legitimate medical purpose. That is sufficient to establish illegal distribution. *See United States v. Black*, 512 F.2d 864, 866 & n.2, 868 (9th Cir. 1975).

**2.** There was a sufficient factual basis to support Spear's guilty plea. *See United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1976) (per curiam). Spear admitted that he prescribed controlled substances without conducting a face-to-face visit or obtaining any objective data supporting the prescription, and that he signed prescriptions in blank. When his staff issued a prescription using these blank forms, the patient was charged between $60 and $100 in cash or credit card payments. Because "[c]ulpable intent . . . can be inferred from the defendant's conduct and from the surrounding circumstances," *United States v. Bucher*, 375

---

[1] In a concurrently filed opinion, we conclude that the appellate waiver in Spear's plea agreement does not preclude our review of the merits of this appeal.

F.3d 929, 934 (9th Cir. 2004), there was a sufficient factual basis for Spear's guilty plea. *See also United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006).

3. The government did not breach the plea agreement by introducing uncharged prescriptions as evidence of relevant conduct during the sentencing hearing. The government did not explicitly promise to limit relevant conduct to the counts that were charged but dismissed, and Spear never objected to the admission of these uncharged prescriptions, either during the sentencing hearing or in his motions to withdraw his guilty plea.

4. The district court did not abuse its discretion by denying Spear's motion to withdraw his guilty plea. The court applied the correct standard of review, held an evidentiary hearing and carefully considered but rejected the arguments supporting Spear's motion. *See United States v. Davis*, 428 F.3d 802, 806 (9th Cir. 2005). The court properly considered Spear's delay in filing that motion to evaluate the credibility of his stated reasons for seeking to withdraw his plea.

**AFFIRMED.**

3